UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>CAMELIA MEZO,<br><br>  Defendant. | Case No. CR-04-5242FDB<br><br>ORDER DENYING RESENTENCING |

This case comes before the court for consideration of resentencing pursuant to the remand of the Ninth Circuit Court of Appeals and *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005). In accord with *Ameline*, the parties have filed pleadings in which they address the question of whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were only advisory. The court is mindful that the burden of proof is on the defendant to prove the positive of the stated proposition, and the court assumes that the burden is by a preponderance of the evidence.

The court has considered all memoranda filed in support of and in opposition to resentencing, the transcript of sentencing hearing, presentence report, judgment, and the balance of the file, including sentences of co-defendants. The court denies resentencing because it finds, for the reasons

ORDER - 1

set forth below, that the defendant's sentence would not have been materially different had the court known that the Sentencing Guidelines were only advisory.

### *Factual Background*

Law enforcement officers learned from a confidential source that Defendant Gregg Schaffer was planning to retrieve and deliver a large amount of marijuana that had been smuggled into the United States from Canada.  On April 25, 2004, Schaffer traveled by ferry from Victoria, Canada to Port Angeles, Washington.  There, Schaffer was placed under surveillance and on April 26, 2004, was seen heading west along the Strait of Juan de Fuca in a rented Chevrolet Suburban.  On April 27, 2004, Schaffer drove east towards Port Angeles and stopped at a Union 76 gas station in Sequim, Washington.  While he was inside the gas station, agents looked through the windows of his car and saw several large duffel bags.  When Schaffer returned, the agents identified themselves and asked for permission to search his car.  Schaffer consented and the agents found 84.3 kilograms of marijuana inside the duffel bags.

Schaffer cooperated with the agents and told him that he planned to deliver half of the marijuana to a man and the other half to a woman.  Schaffer agreed to make controlled deliveries of the marijuana.  Schaffer called Defendant Evan Tozer, to set up a meeting in a parking lot in Poulsbo, Washington.  When Tozer arrived, he took two duffel bags out of Schaffer's car and placed them in his trunk.  He was arrested and admitted that he was going to knowingly transport marijuana and that he was supposed to deliver the marijuana to a person in San Francisco.

Schaffer then called the woman, Defendant Mezo, and set up another meeting at the parking lot.  Mezo arrived and took two duffel bags from Schaffer's car and put them in her car.  When she was arrested, Mezo admitted that she was going to deliver the marijuana to a contact in Seattle, Washington.

ORDER - 2

*Procedural Background*

On May 26, 2004, Defendant Mezo plead guilty to one count of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)( C), and 18 U.S.C. § 2.

A presentence report was prepared prior to sentencing.  The report calculated defendant's base offense level based on the quantity of drugs admitted by her as part of her plea.  The base offense level of 20 was reduced by two levels pursuant to USSG § 2D1.1(b)(7) because defendant satisfied the "safety valve" criteria set forth in USSG § 5C1.2.  Another two level downward adjustment was made for defendant's minor participation in the criminal activity.  After a three-level downward adjustment was made for acceptance of responsibility pursuant to USSG § 3E1.1, the total offense level was 13, resulting in a Sentencing Guidelines range of 12 to 18 months.  Defendant had no prior criminal history.

The court sentenced Defendant on October 29, 2004.  It was undisputed that defendant's Sentencing Guidelines range, before any downward departures, was twelve to eighteen months of imprisonment.  Defendant sought additional downward departures based on aberrant behavior and sentencing disparity.  Defendant argued that she should receive the identical sentence that Defendant Schaffer received.  Mr. Schaffer, whose cooperation led to the arrests of Defendants Mezo and Tozer, received fifteen days with the benefit of a 5K1 motion.[1]  The court rejected both departures and, in accordance with the recommendations of the government and Probation Officer, sentenced defendant to one year and a day, at the low end of the Sentencing Guidelines range.

Defendant appealed her sentence to the Ninth Circuit.  On December 12, 2005, the Ninth Circuit issued an order remanding the case to this court pursuant to *United States v. Booker*, 125 S.Ct. 738 (2005), and *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005).

---

[1] Defendant Tozer has not been sentenced because he failed to appear for his sentencing.  A bench warrant was issued, but Tozer has not yet been caught.

ORDER - 3

*Discussion*

Defendant argues that she should be allowed to present information focusing on Section 3553(a) factors and that if she is allowed to do so, a materially different sentence with result. In support, Defendant claims that most information about her was left out of the sentencing procedure because she "knew that it would do her little or no good." In addition, Defendant claims that she withheld information because the "Sentencing Guidelines were mandatory; she might not qualify for a departure under the Guidelines." Defendant speaks in very broad and general terms of the evidence she would have presented at the sentencing hearing, including information about her childhood in communist Romania and how that shaped her view of government, her background as a Canadian citizen and the different laws pertaining to marijuana, family ties and fear of incarceration of an only child and daughter. Defendant then admits that this information was presented and considered by the court in sentencing, but maintains that the court did not give the information the proper Section 3553(a) attention that *Booker* now mandates.

Defendant argues that this information takes on new weight in a sentencing context where the court must consider all § 3553 statutory concerns. The court disagrees that such a consideration necessarily requires a lesser sentence. As recently noted by District Judge Robert J. Bryan, a "materially different" sentence requires "some logical connection with consequential facts" and "of such nature that knowledge of the item would affect a person's decision making . . . ". *United States v. Reynoso, et al.*, Case No. CR02-5823RJB (October 21, 2005). The court is mindful also that one of the goals of *Ameline*, is to avoid "leaving in place an error-infected sentence due to lack of an adequate record." *Ameline*, 409 F.3d at 1083. An inadequate record does not exist in this case. The court considered the information and defendant's characteristics at sentencing and searched for an explanation from defendant that would allow the further downward departures that she sought.

Defendant did not meet the requirements of a downward departure because the sentencing disparity of which she argued ignored the fact that Defendant Schaffer's cooperation led to the

ORDER - 4

arrests and conviction of herself and Defendant Tozer.  (Without the 5K1 departure, Schaffer's sentence would have been 30 months compared to Ms. Mezo's twelve months and a day.) Defendant's cooperation, on the other hand, produced no results.  After questioning her in detail about the crime and her participation in it, defendant was also unable to provide the court with any reasonable explanation for her conduct that would justify a lesser sentence.

Taking all of §3553 factors into account leads the court to conclude that any new sentence would not be materially different from the one earlier imposed.  Defendant admitted that she was ready and willing to transport about 50 kilograms of marijuana.  She stated that she did this in order to make some easy money and because it was intriguing to her.

## Conclusion

The court would not have imposed a materially different sentence had it understood at the time of defendant's sentencing that the Sentencing Guidelines were advisory only.  Although only advisory, the Guidelines remain a factor for this court to consider and the court remains convinced that defendant's sentencing range was correctly calculated.  The disparity between co-defendants' sentences was argued at sentencing and was taken into consideration by the court in determining that defendant should be sentenced at the lower end of the sentencing range.  Defendant's family background, lack of criminal history, gainful employment, and possible substance abuse problems were presented to and considered by the court.  In keeping with § 3553(a) factors, the nature and circumstances of the offense, along with the history and characteristics of the defendant do not warrant a dissimilar sentence.  The court feels that the original sentence properly reflected the seriousness of defendant's conduct, provided just punishment for the offense and promotion of respect for the law.  Although the court searched for a reasonable explanation of why defendant felt her behavior should be considered aberrant or why her conduct warranted a lesser sentence, the court was not persuaded that defendant was entirely candid in her responses.

ORDER - 5

ACCORDINGLY,

IT IS ORDERED:

(1) The court declines to resentence the Defendant; and

(2) The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record.

DATED this 3rd day of March, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 6